In the Matter of the Claim of CHARLES SCHERF, Respondent, v. WHITE PLAINS IRON WORKS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. On February 5, 1957 the claimant had an industrial accident when he was struck in the face with a rivet gun sustaining a cerebral concussion and a subluxation of the left mandibular articulation. He returned to work on February 11, 1957 but there is evidence indicating that he continued to experience headaches and dizziness which he had not had before the accident. On June 7, 1957 another incident occurred in which the claimant fell striking his head on the floor and resulting in a right hemiplegia. The testimony of the claimant as to what happened on this occasion is confused. He stated that he was again hit in the chest with a riveting gun but he also testified that at that time and before his fall he was dizzy and did not feel well. The claimant's story as to his being struck by a riveting gun on this second occasion was contradicted by coworkers and the board did not accept it. However, the board did find that on this occasion the claimant collapsed and fell because of a dizzy spell which was related to the first accident, that this incident was therefore a consequence of the first accident and the claimant's resulting disability related thereto. While the testimony of the claimant was

confusing and somewhat disoriented there was evidence presented which indicated that the claimant experienced dizziness after the accident on February 5, 1957 and, in fact, on the day of the subsequent incident. Medical testimony was presented which related this dizziness to that prior accident. It was therefore within the realm of the board's fact-finding power to find that the claimant's fall on June 7, 1957 was the result of a dizzy spell caused by and related to the previous accident. The medical evidence also indicated that the hemiplegia which caused the claimant's total disability after June 7, 1957 resulted from the claimant's head striking the floor in his fall on that date. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.